IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| In re: ) | |
| ) | |
| CARTER'S GROVE, LLC, ) | Bankruptcy Case No: 11-51330 |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |
| CARTER'S GROVE, LLC, ) | Adv. Proc. No. 11-05027-SCS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE COLONIAL WILLIAMSBURG ) | |
| FOUNDATION, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO DISMISS COUNTS 5 AND 6 OF THE COMPLAINT
AND MEMORANDUM IN SUPPORT THEREOF**

Defendant The Colonial Williamsburg Foundation ("CWF"), by and through its undersigned counsel, and in response to Counts 5 and 6 of the *Complaint Regarding: (A) Objection to Claim Filed by The Colonial Williamsburg Foundation, (B) Counterclaims for (I) fraudulent Concealment, (II) Cost Recovery Under CERCLA, and (III) Declaratory Judgment* (the "Complaint") respectfully submits the following as its *Motion to Dismiss Counts 5 and 6 of the Complaint and Memorandum in Support Thereof* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). A separate Answer to Counts 1, 2, 3, and 4 is being filed contemporaneously with this Motion.

### I.   Preliminary Statement

At issue in this case are certain claims by Carter's Grove, LLC (the "Debtor" or "Plaintiff" or "Carter's Grove") that it should not be liable to CWF for amounts in excess of $4

1

million that it owes pursuant to a promissory note in favor of CWF arising from its purchase of certain real property known as "Carter's Grove" (the "Property"). When CWF initiated foreclosure proceedings against the Debtor because of its default under the Note, the Debtor responded by filing a voluntary petition in bankruptcy. Then, when CWF filed a proof of claim in the Debtor's bankruptcy proceeding, the Debtor sought to avoid payment of that claim by filing an objection to the claim and by making claims that CWF "fraudulently concealed" the condition of the Property. In Counts 5 and 6 of the Complaint at issue in this Motion to Dismiss, the Debtor asserts certain Counterclaims against CWF, alleging that it has identified certain "hazardous substances" on the Property and that CWF should be responsible to it for "response costs" under CERCLA that it claims to have incurred and argues will be incurred to remediate the Property.

Noticeably absent from the Complaint is any factual allegation that the Debtor has performed a response action for which costs are recoverable, that it has undertaken any remedial action, that it intends to undertake any remedial action, or even that remediation is necessary. Indeed, the Debtor has failed to allege the presence of any particular hazardous substance allegedly disposed of during CWF's ownership of the Property, or any release of a hazardous substance to the environment. Without such factual allegations, the Debtor's Complaint is facially deficient and should be dismissed.

## II. Statement of Facts

As it relates to its claims against CWF under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), the Debtor has alleged the following facts, which must be taken as true only in consideration of the Motion to Dismiss:

1.    The Debtor claims to be "informed and believes" that "asphalt and other debris containing hazardous substances were "buried prior to the Sale of Carter's Grove, when CWF owned Carter's Grove." Compl. ¶ 40.

2.    The Debtor also contends that, since the acquisition of Carter's Grove, it has "discovered numerous piles of asphalt and concrete debris as well as other debris containing hazardous substances." Id. ¶ 41. Plaintiff alleges that the "debris was disposed of on the facility prior to the Sale, when CWF owned Carter's Grove." Id.

3.    The Debtor argues that "[u]pon discovery of CWF's disposal on the 'Grounds' of refuse containing hazardous substances, [it] incurred costs in retaining an environmental consultant to investigate the possible contamination of the facility by hazardous substances." Id. at ¶ 42.

4.    Specifically, the Debtor claims that it "monitored and conducted an investigative Environmental Site Assessment to determine the potential impacts from the fill materials, refuse, and asphalt pavement piles dumped and buried at the facility." Id. ¶ 43.

5.    The Debtor claims that soil on the "facility" contained the "heavy metal selenium," at concentrations in excess of naturally occurring levels in the region and in concentrations "exceed[ing] the threshold . . . at which selenium is known to migrate through soil." Id. at ¶ 44.

6.    Debtor argues on the one hand that there is a threat of "selenium being released to the ground water," and on the other, that selenium "continues to leach into the environment, necessitating remediation." Compare Id. at ¶ 44 with Id. at ¶ 46.

7.    The Debtor admits that Selenium is a naturally occurring element. Id. at ¶ 45.

Based on these factual allegations, the Debtor asserts two counts that are the subject of this Motion. In Count 5 of the Complaint, the Debtor seeks to recover from CWF under section

3

107(a) of CERCLA, 42 U.S.C. § 9607(a), "responses costs incurred or to be incurred" by the Debtor "in connection with the remediation of ... the facility." Compl. ¶ 78. Count 6 alleges that the Debtor "is entitled to a declaratory judgment pursuant to CERCLA section 113(g)(2) . . . for necessary costs of response not inconsistent with the National [Contingency] Plan that will be incurred by the [Debtor] in the future in connection with the remediation of the facility." Compl. ¶ 83.

### III. Standard of Review

Federal Rule 12(b)(6) requires the Court to dismiss a plaintiff's complaint upon a defendant's motion if the complaint "[fails] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the sufficiency of the pleadings set forth in the complaint. A plaintiff's claim must be dismissed if he fails to allege "enough facts to state a claim to relief that is plausible on its face" and "which has nudged [the] claim across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although legal conclusions can provide the framework of a complaint, the case must be dismissed if the complaint is unsupported by sufficient factual allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950, 173 L. Ed. 2d 868, 884 (2009).

Only well-pleaded factual allegations are entitled to an assumption of veracity by the court. After Twombly, plaintiffs are no longer free merely to parrot the elements of a cause of action. The allegations instead must contain more than "labels . . . conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. A claim must be dismissed if it is not plausible on its face. Allegations which "do not permit [the Court] to infer more than the mere possibility of misconduct" are inadequate to subject a defendant to suit. Walker v. Prince George's County, 575 F.3d 426, 431 (4th Cir. 2009) (internal citations

omitted).

When viewed in the context of the pleading standard announced in Twombly and Iqbal, it is clear that the instant Complaint against CWF should be dismissed because it fails to allege facts sufficient to state a cause of action to recover the costs of cleanup under CERCLA. Because the Debtor cannot establish a prima facie case of liability for a cost recovery action, its claim for declaratory judgment also must fail. In order to state a claim for declaratory judgment that CWF is liable for response costs, the Debtor must first establish that it has incurred recoverable response costs.

### IV.   Argument

**1.   The Debtor has Failed to State a Claim in Count 5 to Recover Response Costs Under CERCLA**

The Debtor fails to state a claim in Count 5 to recover response costs under CERCLA because, among other things, it has failed to allege that a particular hazardous substance was disposed of during CWF's ownership or released into the environment.

"In order to recover the costs of cleanup under CERCLA, a plaintiff must show (1) that the defendant 'owned or operated' a 'facility' from which there was a 'release' or 'threatened release' of a hazardous substance, (2) that the defendant is a 'potentially responsible person', and (3) that the plaintiff incurred necessary cleanup costs 'consistent with the national contingency plan.' 42 U.S.C. §§ 9601(9), 9601(20), 9601(22), 9605, 9607(a); see generally New York v. Shore Realty Corp., 759 F.2d 1032, 1039-42 (2d Cir. 1985) (overview of CERCLA)." Westfarm Assocs. Ltd. Partnership v. Washington Suburban Sanitary Comm'n, 66 F.3d 669, 677 (4th Cir. 1995).

Similarly, in Virginia, in order to establish a prima facie case of liability in a CERCLA cost recovery action, the plaintiff must prove: (1) site is a "facility" as defined in § 101(9); (2)

5

defendant is a responsible party under § 107(a); (3) release or threatened release of a hazardous substance has occurred; and (4) release or threatened release has caused plaintiff to incur response costs. Chesapeake and Potomac Telephone Co. of Virginia v. Peck Iron & Metal Co., 814 F. Supp. 1269, 1274 (E.D. Va. 1992).

The Debtor's Complaint is facially deficient because it merely parrots the elements of a claim, rather than alleging facts to support the required elements of a cost recovery action with the level of specificity required by Twombly and Iqbal. For example, there is no allegation that any particular hazardous substance was disposed of during CWF's ownership of the Property. The Debtor makes the conclusory statement that "[h]azardous substances within the meaning of CERCLA section 101(14) were disposed of at the facility" (Compl. ¶ 74), but the Complaint contains no facts to support that conclusion. The Debtor states only that it has discovered "piles of asphalt and concrete debris as well as other debris containing hazardous substances deposited on the Grounds along a road near the woods." Compl. ¶ 41. The Debtor does not allege that asphalt or concrete are "hazardous substances" as that term is used by CERCLA. The Debtor also does not identify the other "debris" that it claims contains "hazardous substances" or what exactly it believes the hazardous substances are. The Debtor also fails to allege facts that would support a conclusion that the "hazardous substances" have been released into the environment, as required to state a cost recovery claim under CERCLA.

While the Debtor claims that the Property's soil contains the "heavy metal selenium" (Compl. ¶ 44), it makes no allegation that selenium was disposed of on the Property during CWF's ownership. The Debtor makes the bald assertions that "selenium continues to leach into the environment, necessitating remediation," (Compl. ¶ 46) and that there is a threat of "selenium being released into the groundwater" (Id. at ¶ 41), but the Complaint contains no facts that would support those conclusions. At the same time, the Debtor concedes that selenium is a naturally

6

occurring element. Id. at ¶ 45. The Debtor's claims that there is a risk to the environment lack any factual predicate, including where any alleged site testing occurred, whether there was any evidence of migration of selenium from one location to another, whether selenium was present in ground water, whether the concentrations of selenium on the property differ from concentrations generally found in the area, or any other factual basis to conclude that there has been a release of selenium to the environment. There also is no basis for the Debtor's conclusory statement that remediation is necessary.

Finally, the Debtor has failed to allege that it has incurred, or will incur, any response costs. The Debtor alleges that it hired a consultant and conducted an Environmental Site Assessment (Compl. ¶¶ 42, 43), but there is no allegation that this Environmental Site Assessment constitutes a "response action" the costs of which are recoverable as "necessary costs incurred consistent with the National Contingency Plan," as required by CERCLA. See 42 U.S.C. § 9607(b). Although the Debtor claims that it will continue to incur costs in connection with the "remediation of the facility" the Debtor makes no allegation that it has undertaken any remedial action, that it intends to undertake a remediation, or that any remediation of the Property is necessary. Accordingly, the Debtor fails to state a claim for recovery of response costs under 42 U.S.C. § 9607 and Count 5 of the Complaint should be dismissed, with prejudice.

2.   **The Debtor Cannot State a Claim in Count 6 that CWF is Liable for Response Costs Under CERCLA, 42 U.S.C. § 9613(g)(2)**

In addition to its cost recovery claim, Debtor also seeks a declaratory judgment of CWF's liability for future response costs. CERCLA section 113(g)(2) provides that, in any action for the recovery of response costs, "the court shall enter a declaratory judgment on liability for response costs . . . that will be binding on any subsequent action or actions to recover further response costs . . . ." 42 U.S.C. § 9613(g)(2). A necessary predicate for a declaratory judgment

7

as to liability under section 113(g)(2), however, is a finding that recoverable response costs have been incurred. A "plaintiff cannot obtain declaratory relief pursuant to § 9613(g)(2) without having incurred response costs within the meaning of" CERCLA. Trimble v. Asarco, 232 F.3d 946, 958 (8th Cir. 2000); accord, City of Colton v. American Promotional Events, 614 F.3d 998, 1008 (9th Cir. 2010) ("CERCLA's purposes would be better served by encouraging a plaintiff to come to court only after demonstrating its commitment to comply with the NCP and undertake a CERCLA-quality cleanup."); Gussack Realty Co. v. Xerox Corp., 224 F.3d 85, 92 (2d Cir. 2000);[1] BP Amoco Chem. Co. v. Sun Oil Co., 166 F. Supp. 2d 984, 998-99 (D. Del. 2001) (finding that CERCLA § 113(g)(2) "expressly authorizes courts to grant declaratory relief for future response costs," holding that plaintiffs seeking declaratory relief must have incurred some response costs, denying plaintiff's motion for declaratory judgment as "premature" where plaintiff had fully settled government's claim regarding one site, but had not yet incurred any costs, nor been found potentially responsible for, sites that had yet to be cleaned up). In this case, the Debtor's claim in Count 6 for a determination that CWF is liable for future response costs must fail because the Debtor has not stated a claim in Count 5 that it has presently incurred recoverable response costs. Accordingly, the Debtor fails to state a claim for declaratory judgment pursuant to 42 U.S.C. § 9613(g)(2) and Count 6 of the Complaint should be dismissed, with prejudice.

---

[1] There is a Circuit Court split on the issue of whether a plaintiff may obtain CERCLA section 113(g)(2) relief without first having incurred response cost. Counsel for CWF has found no Fourth Circuit case addressing the requirement recognized by the Second, Eighth and Ninth Circuits that a plaintiff incur recoverable response costs before it can obtain a declaratory judgment of defendant's liability. Two courts of appeals have ruled otherwise. See United States v. Davis, 261 F.3d 1, 46 (1st Cir. 2001); County Line Investment Co. v. Tinney, 933 F.2d 1508, 1513 (10th Cir. 1991). CWF respectfully suggests that the rulings of the Second, Eighth and Ninth Circuits correctly interpret the statute and that the First and Tenth Circuits were wrong because they are inconsistent with the statutory language, which assumes that a plaintiff has incurred some recoverable response costs by providing for a declaratory judgment applying to "any subsequent action or actions to recover further response costs."

## V. <u>Conclusion</u>

For the foregoing reasons, The Colonial Williamsburg Foundation respectfully requests that the Court grant its Motion to Dismiss Counts 5 and 6 of the Complaint and for any such further relief as the Court deems appropriate.

Dated: August 26, 2011
       Richmond, Virginia

Respectfully submitted,

/s/ *Benjamin C. Ackerly*

Gregory N. Stillman
HUNTON & WILLIAMS, LLP
500 East Main, Suite 1000
Norfolk, Virginia 23510-3889
Telephone: (757) 640-5300
Facsimile: (757) 625-7720
gstillman@hunton.com

Benjamin C. Ackerly, VSB No. 09120
Dan J. Jordanger, VSB No. 29518
Tara L. Elgie, VSB No. 48259
HUNTON & WILLIAMS, LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
telgie@hunton.com
*Counsel for The Colonial Williamsburg Foundation*

# CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of August, 2011, a true copy of the foregoing *Motion to Dismiss Counts 5 and 6 of the Complaint and Memorandum in Support Thereof* was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all registered users in this case and I further certify that I will send a copy of the foregoing by First Class Mail to:

| | |
|---|---|
| DEBRA I. GRASSGREEN (State Bar No. 169978)<br>JOHN W. LUCAS (State Bar No. 271038)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>150 California Street, 15th Floor<br>San Francisco, CA 94111-4500<br>Telephone: (415) 263-7000<br>Telecopy: (415) 263-7010<br>Email: dgrassgreen@pszjlaw.com<br>          jlucas@pszjlaw.com<br>*Counsel for Carter's Grove, LLC, Debtor* | Robert S. Westermann (VSB No. 43294)<br>Sheila deLa Cruz (VSB No. 65395)<br>Hirschler Fleischer, P.C.<br>The Edgeworth Building<br>2100 East Cary Street<br>Richmond, Virginia 23223<br>Telephone: (804) 771-9500<br>Telecopy: (804) 644-0957<br>Email: rwestermann@hf-law.com<br>       sdelacruz@hf-law.com<br>*Counsel for Carter's Grove, LLC, Debtor* |

/s/ *Benjamin C. Ackerly*
Benjamin C. Ackerly, VSB No. 09120
Tara L. Elgie, Esq., VSB No. 48259
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
*Counsel for The Colonial Williamsburg Foundation*