IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| In re: ) | |
| ) | |
| CARTER'S GROVE, LLC, ) | Bankruptcy Case No: 11-51330 |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |
| CARTER'S GROVE, LLC, ) | Adv. Proc. No. 11-05027-SCS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE COLONIAL WILLIAMSBURG ) | |
| FOUNDATION, ) | |
| ) | |
| Defendant. ) | |

**MOTION PURSUANT TO RULE 39(a)(2) OF THE
FEDERAL RULES OF CIVIL PROCEDURE
TO STRIKE JURY DEMAND AND MEMORANDUM IN SUPPORT THEREOF**

Defendant The Colonial Williamsburg Foundation ("CWF"), by and through its undersigned counsel, hereby files this Motion Pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure to Strike the Debtor's Jury Demand and Memorandum in Support Thereof (the "Motion"). In support its Motion, CWF states as follows:

I.      **The Debtor's Objection to CWF and Counterclaims for Fraudulent Concealment**

The Debtor's adversary proceeding at Counts 1-4 contains an objection to CWF's proof of claim and two counterclaims arising from that objection seeking to "recoup its damages" and/or rescind the contract for the sale of Carter's Grove based on allegations that CWF fraudulently concealed the condition of the Carter's Grove property at the time of sale. Parties have no right to a trial by jury where equitable rights and remedies alone are at issue. Yadkin Valley Bank v. McGee (In re Hutchinson), 5. F.3d 750, 757 (4th Cir. 1993) (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41, 106 L. Ed. 2nd 26, 109 S. Ct. 2782 (1989)

1

(internal citations omitted)). Moreover, a party can waive its right to a jury trial. Langenkamp v. Culp, 498 U.S. 42, 112 L. Ed. 2d 343, 111 S. Ct. 330 (1990). In the bankruptcy context, courts have found that a creditor who files a proof of claim against the debtor's estate, waives its right to a jury trial on any issue that bears directly on the allowance of that claim. Lu v. Grant (In re Sunshine Trading & Transp. Co.), 193 B.R. 752, 755 (Bankr. E.D. Va. 1995) (citing Granfinanciera, 492 U.S. at 33). This is because the filing of a proof of claim triggers the claims-allowance process that is triable only in equity. Id. (citing Langenkamp, 498 U.S. 42 at 44-45). Similarly, a Debtor's counterclaim arising from the creditor's proof of claim is triable within the equitable jurisdiction of the bankruptcy court, without a jury. New Castle Assoc. v. Kraus-Thompson Org. Ltd. (In re McCorhill Pub., Inc.) 90 B.R. 633, 635 (Bankr. S.D.N.Y. 1988).

In McCorhill, the creditor initiated an adversary proceeding seeking a declaratory judgment as to the amount of its secured claim against the Debtor. 90 B.R. at 634. The creditor's claim arose from a pre-petition transaction pursuant to which the Debtor purchased from the creditor a reprinting and periodical business, together with a warehouse and office complex. Id. The Debtor gave the creditor a note in partial payment of the purchase price. Id. The chapter 11 trustee, the Debtor and an assignee who acquired title to the office and warehouse each responded to the adversary proceeding by filing answers, affirmative defenses, and counterclaims against the creditor and demanded trial by jury. Id. Among the Debtor's counterclaims were claims for lack of consideration, wrongful diversion of property, unfair competition, and conversion. Id. The Court found that "a trustee's or debtor's counterclaims to a creditor's claim arising out of the same transaction as the creditor's claim may be decided by the bankruptcy court without a jury in the same manner as the claim, because it is merely another part of the same transaction." 90 B.R. at 637 (citing Katchen v. Landy, 382 U.S. 323, 337, 86 S.

2

Ct. 467 15 L. Ed. 2d 391 (1966)).    The Court concluded that:

> The Chapter 11 trustee and the debtors never had any right to a jury trial with respect to core proceedings in the bankruptcy court and therefore should not be heard to claim a nonbankruptcy right to a jury trial when they filed counterclaims against the creditor who consented to the bankruptcy court's equitable jurisdiction and seeks to strike the jury demands.

Id. at 637.

In this case, as in McCorhill, the Debtor is not entitled to a jury trial on its claims of fraudulent concealment because they arise out of the same transaction as CWF's claim against the Debtor for non-payment of the Note. The Debtor concedes that the claims set forth in Counts 1, 2, 3, and 4 of the Complaint are core proceedings. Compl. ¶ 8. Additionally, the Debtor's requests for relief against CWF include a demand that it "recoup its damages from the Claim of CWF." Compl. ¶ 49. "Recoupment is the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very contract giving rise to the plaintiff's claim." FDIC v. Marine Midland Realty Credit Corp., 17 F.3d 715, 722 (4th Cir. Va. 1994) (internal citation omitted). In the alternative, the Debtor seeks to rescind the Sale Contract. Compl. at Prayer for Relief, ¶ 3. Each of these counterclaims arise directly from the Sale Contract that is the subject of CWF's claim against the estate and, therefore, is integral to the claims-allowance process. As in McCorhill, CWF has pursued its claim against the Debtor in bankruptcy court. This Court should exercise its equitable jurisdiction that the Debtor invoked when it commenced its chapter 11 case and determine the extent of CWF's claim, along with the Debtor's counterclaims, which relate to that claim, without a jury.

## II.    The Debtor's CERCLA Claims

The Debtor's adversary proceeding against CWF also includes two counterclaims to CWF's proof of claim arising under the Comprehensive Environmental Response, Compensation

3

and Liability Act (CERCLA), codified at 42 U.S.C. §§ 9601 to 9675. Those are: Count 5, pursuant to which the Debtor seeks to recover response costs under 42 U.S.C. § 9607(a), (2), (4) for alleged releases of "hazardous substances" and Count 6, pursuant to which the Debtor seeks a declaratory judgment under 42 U.S.C. § 9613(g)(2) that CWF is liable for any costs to be incurred in the future by the Debtor in connection with any remediation of the Carter's Grove property. The plain language of CERCLA reveals no legislative intent to create a right to a jury trial and settled case law clarifies that no such right exists. See e.g., Hatco Corp. v. W.R. Grace & Co., 59 F.3d 400, 412 (3d Cir. 1995) (holding that a cost-recovery suit seeks "restitution of amounts that [a party] had expended" and therefore sought "a form of equitable relief.") (citing United States v. Northeastern Pharm. & Chem. Co., 810 F.2d 726 (8th Cir. 1987); accord, RF&P R.R. v. Clarke, No. 90-00336, 1991 U.S. Dist. LEXIS 15829, at *7-11 (E.D. Va. Jan. 22, 1991). For the same reason, the Debtor is not entitled to a jury trial on its claim under CERCLA section 113(g)(2), pursuant to which it seeks a declaratory judgment that CWF is liable for any future response costs to be incurred under CERCLA section 107 in connection with any remediation of the Carter's Grove property.

### Conclusion

For the foregoing reasons, The Colonial Williamsburg Foundation respectfully requests that the Court grant its Motion Pursuant to Rule 39 (a)(2) of the Federal Rules of Civil Procedure to Strike the Debtor's Jury Demand and for any such further relief as the Court deems appropriate.

Dated: August 26, 2011
      Richmond, Virginia

Respectfully submitted,

/s/ *Benjamin C. Ackerly*

Gregory N. Stillman
HUNTON & WILLIAMS, LLP
500 East Main, Suite 1000
Norfolk, Virginia 23510-3889
Telephone: (757) 640-5300
Facsimile: (757) 625-7720
gstillman@hunton.com

Benjamin C. Ackerly, VSB No. 09120
Dan J. Jordanger, VSB No.
Tara L. Elgie, VSB No. 48259
HUNTON & WILLIAMS, LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
telgie@hunton.com
*Counsel for The Colonial Williamsburg Foundation*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of August, 2011, a true copy of the foregoing *Motion Pursuant to Rule 39 (a)(2) of the Federal Rules of Civil Procedure to Strike the Debtor's Jury Demand and Memorandum in Support Thereof* was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all registered users in this case and I further certify that I will send a copy of the foregoing by First Class Mail to:

| | |
|---|---|
| DEBRA I. GRASSGREEN (State Bar No. 169978)<br>JOHN W. LUCAS (State Bar No. 271038)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>150 California Street, 15th Floor<br>San Francisco, CA 94111-4500<br>Telephone: (415) 263-7000<br>Telecopy: (415) 263-7010<br>Email:    dgrassgreen@pszjlaw.com<br>           jlucas@pszjlaw.com<br>*Counsel for Carter's Grove, LLC, Debtor* | Robert S. Westermann (VSB No. 43294)<br>Sheila deLa Cruz (VSB No. 65395)<br>Hirschler Fleischer, P.C.<br>The Edgeworth Building<br>2100 East Cary Street<br>Richmond, Virginia 23223<br>Telephone: (804) 771-9500<br>Telecopy: (804) 644-0957<br>Email: rwestermann@hf-law.com<br>         sdelacruz@hf-law.com<br>*Counsel for Carter's Grove, LLC, Debtor* |

                                    */s/ Benjamin C. Ackerly*
                                    Benjamin C. Ackerly, VSB No. 09120
                                    Tara L. Elgie, Esq., VSB No. 48259
                                    HUNTON & WILLIAMS LLP
                                    Riverfront Plaza, East Tower
                                    951 E. Byrd Street
                                    Richmond, VA 23219
                                    Telephone: (804) 788-8200
                                    Facsimile: (804) 788-8218
                                    *Counsel for The Colonial Williamsburg Foundation*