| Robert S. Westermann (VSB No 43294)<br>Sheila deLa Cruz (VSB No. 65395)<br>Hirschler Fleischer, P.C.<br>The Edgeworth Building<br>2100 Cary Street<br>Richmond, Virginia<br>P.O. Box 500<br>Richmond, VA 23218-0500<br>Phone: (804) 771-9500<br>Facsimile (804) 664-0957<br>Email: rwestermann@hf-law.com<br>         sdelacruz@ hflaw.com<br><br>*Counsel for Debtor, Carter's Grove, LLC* | Debra L. Grassgreen (*pro hac vice*)<br>John W. Lucas (*pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES, LLP<br>150 California Street, 15th Floor<br>San Francisco, CA 94111-4500<br>Phone: (415) 263-7000<br>Facsimile: (415) 263-7010<br>Email: dgrassgreen@pszjlaw.com<br>         jlucas@pszjlaw.com<br><br>*Counsel for Debtor, Carter's Grove, LLC* | Stephen J. Darmody (VSB No. 29105)<br>Foley & Lardner LLP<br>One Biscayne Tower, Suite 1900<br>2 South Biscayne Boulevard<br>Miami, FL 33131-2132<br>Phone: (305) 482-8400<br>Facsimile (305) 482-8600<br>Email: sdarmody@foley.com<br><br>*Special Litigation Counsel for Debtor, Carter's Grove, LLC* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| In re:<br><br>CARTER'S GROVE, LLC,<br>      Debtor,<br><br>_____<br><br>CARTER'S GROVE, LLC,<br><br>      Plaintiff,<br>v.<br><br>THE COLONIAL WILLIAMSBURG FOUNDATION,<br><br>      Defendant. | Bankruptcy Case No: 11-51330<br><br>Chapter 11<br><br>Av. Proc. No. 11-05027-SCS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO RULE 39(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE TO STRIKE JURY DEMAND AND MEMORANDUM IN SUPPORT THEREOF**

Just two months ago, the United States Supreme Court discussed the authority of a bankruptcy court to determine "any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty." *Stern v. Marshall*, 131 S.Ct. 2594 (Jun. 23, 2011) (quoting *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. 272, 284 (1856)).

Although the *Stern* Court concluded the counterclaim there was a "core proceeding," under 28 U.S.C § 157(b)(2)(C), which permits the Bankruptcy Court to enter final judgment, "Article III of the Constitution does not." *Id.* at 2608. The Court explained, however, that a bankruptcy court is not "barred from hearing all counterclaims or proposing findings of fact and conclusions of law on those matters, but rather that it must be the district court that finally decides." *Id.* at 2619-20 (internal citations omitted).

In order to comply with the law as explained in *Stern*, plaintiff submits that the Bankruptcy Judge hear plaintiff's counterclaims and report its findings and recommendation on the underlying issues of fact and law to the District Court for final decision. *See id.*

## ARGUMENT

I.    **Plaintiff's Counterclaims are not Solely Equitable.**

Defendant's Motion to Strike Plaintiff's Jury Demand essentially presents one argument: that only equitable rights are involved in plaintiff's counterclaims, eliminating the right to a jury trial. The defendant is wrong.

The basis for defendant's argument is that, as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2)(C) plaintiff's counterclaims fall under the "equitable jurisdiction of the bankruptcy court." Def.'s Mot. to Strike Jury Demand, *2 (citing *New Castle Assoc. v. Kraus-Thompson Org. Ltd. (In re McCorhill Pub., Inc.)*, 90 B.R. 633, 635 (Bankr. S.D.N.Y. 1988). But instead of stating the "core proceedings" statutory basis for its motion outright, defendant simply argues that plaintiff's claims are all equitable.

There are equitable components to plaintiff's claims; however, plaintiff makes claims involving legal remedies in the form of contract claims arising out of the sale of real property (Pl.'s Compl. ¶¶ 47-49, & 55-60), the state tort claim of fraudulent concealment (Pl.'s Compl. ¶¶ 61-67), and a claim for damages for the cost of remediation efforts already conducted,

2

and those that will be required in the future pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") in order to comply with the steps set out in the National Contingency Plan (Pl.'s Compl. ¶¶ 68-78).

II. **The Bankruptcy Court may Report its Findings and Recommendations on the Plaintiff's Counterclaims to the District Court for Final Judgment.**

Despite the single case from 1988 upon which Defendant relies for its proposition that claims brought by a debtor against a creditor in a bankruptcy proceeding *become* equitable under that court's jurisdiction, (*see* Def.'s Mot. to Strike Jury Demand, *2-3 (citing *McCorhill*, 90 B.R. at 633-37)), the United States Supreme Court has recently explained the jurisdiction of the bankruptcy court differently. *See generally*, *Stern*, 131 S.Ct. 2594.

In *Stern v. Marshall*, 131 S.Ct. at 2594, the Supreme Court explained that whether or not a party's counterclaims qualify as "core proceedings" under 28 U.S.C. § 157(b)(2)(C) is irrelevant when entering final judgment on those claims violates Article III of the Constitution. *Id.* at 2608. Article III of the Constitution vests the "resolution of 'the mundane as well as the glamorous, matters of common law and statute as well as constitutional law, issues of fact as well as issues of law'" to Article III courts rather than bankruptcy courts. *Id.* at 2609 (quoting *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 86-87 (1982)).

The *Stern* Court limited its holding to the proposition that a bankruptcy court lacks "the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." *Id.* at 2620. The Court explained that district courts are already required to "enter final judgment on any matters that are 'related to' the bankruptcy proceedings" under 28 U.S.C. § 157(c)(1), and highlighted that bankruptcy courts are not barred from hearing counterclaims, "proposing findings of fact and conclusions of law" that can be reported to the district court for final judgment. *Id.*

3

## CONCLUSION

In light of the Supreme Court's recent decision in *Stern*, this Court should hear plaintiff's counterclaims and issue a report of findings and recommendations upon which the District Court may rely to enter a final judgment.

Dated: September 12, 2011

Respectfully submitted,

HIRSCHLER FLEISCHER, P.C.

By: /s/ Sheila deLa Cruz
    Robert S. Westermann (VSB No 43294)
    Sheila deLa Cruz (VSB No. 65395)
    The Edgeworth Building
    2100 Cary Street
    Richmond, Virginia
    P.O. Box 500
    Richmond, VA 23218-0500
    Phone: (804) 771-9500
    Facsimile (804) 664-0957
    Email: rwestermann@hf-law.com
           sdelacruz@ hflaw.com

and

FOLEY AND LARDNER, LLP
Stephen J. Darmody (VSB No. 29105)
One Biscayne Tower
2 South Biscayne Boulevard Suite 1900
Miami, FL 33131
Telephone: (305) 482-8400
Facsimile: (305) 482-8600
Email: sdarmody@foley.com

*Attorneys for Carters Grove, LLC*

WASH_8232498.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2011 a true and correct copy of the above and foregoing document was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all registered users in this case. I further certify that I have sent a copy of the foregoing by First Class Mail to:

Benjamin C. Ackerly, Esq., and
Tara L. Elgie, Esq.
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 E. Byrd Street Richmond, VA 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

*Counsel for The Colonial Williamsburg Foundation*

                                                /s/ Sheila deLa Cruz
                                                       Counsel